Judge Mills
delivered the opinion.
In this cause, the sole question is the validity of the entry set up by the complainants, in the court below, the calls of which are, “On the waters of Elkhorn—beginning “at the north end of a line running N, 10 E, 800 poles, “from the mouth of the first branch running into the N. fork “of Elkhorne, below M‘Clelland’s fort, on the south side—“thence north to the drafts of Eagle creek—thence to extend westwardly between Eagle creek waters and Lewis “Craig’s pre-emption, John Lowry's settlement and pre-emption, Benjamin M'Clelland’s pre-emption, Alexander M’Clelland’s settlement and pre-emption.”
The notoriety of M’Clelland’s fort, Elkhorn and Eagle creek, seems to be well established; and the attention of the parties seems to have been much called to the enquiry, which was the first branch below the fort? The complainants claiming and proving the one which unites with Elkhorn at Craig’s old mill, while the defendants contend and prove it does not deserve the appelation of branch, but of a drain or hollow, and that col. Johnson’s Spring branch, or the mouth of Cane run, some one or two miles below, are the first which can bear the name of branch. The court deems it unnecessary to determine this question; for if the complainants are allowed to have the branch at Craig’s mill, and the point N, 10 E, 800, is to be their beginning, and a line extended from that beginning north to the drafts *401 of Eagle creek is to be their base, they have not, in this case, fixed the position of the claims of L. Craig, Lowry, and the two M’Clellands, by ascertaining the identity and notoriety of the objects called for in their locations, so as to enable the court to see clearly how they could be avoided, or whether they could be avoided at all, by extending the side lines westwardly. It has been contended in argument, that these are not locative calls, and that they are not intended to fix the position of the complainants’ entry, and that it may well be surveyed without them, by construing the expression westwardly, due west, regardless of what intervenes, till the quantity is obtained. It is admitted that they are not necessarily locative calls; but still it is clear, the locator designed to avoid them, and not appropriate any land which they might occupy; and if they approached as he advanced westwardly, he intended to yield to them, and narrow or widen his distance on his base accordingly. Hence if they did intervene, they might and would have become so far locative as to change the figure and position of his claim, and materially alter that position, and mould into a different shape the land which was his. It is evident that he did not intend on his northern boundary to include any of the land situated on the waters of Eagle creek; and it is equally evident, if he extended due west from his base, he would include some of it. Why not allow equal weight to the objects, which be intended to shun on the south, the position of which he ought to have shewn, and which, if shewn truly, might have excluded him from the land which is claimed in the bill? It is contended that the defendants have exhibited these claims, and therefore their position is to be taken as correct against them. To this it may be answered, that they have exhibited a part only, and not the whole. Besides, they have exhibited the surveys only, and not the objects of location; and they no where admit the notoriety or identity of the calls of the respective entries.
Upon the whole, the court is clearly of opinion that there is no error in the decree of the court below, and that it ought to be affirmed with costs.